May it please the Court, Philip Anker, Wilmer Hale, for the appellant LVNV Funding. I would request three minutes for rebuttal if possible. All right. Counsel, I'm wondering if what you've done is written a really good brief, but this is the wrong case, because what happened was the counsel who handled this initial at the lower level was really trying to comply with the Nevada statute, wasn't really thinking big picture. Now you've come along and written a brief that's thinking big picture. But I'm wondering if you if those arguments were really waived and you need to wait for the right case. I appreciate the compliment on the brief. You know, I don't think they were waived, Your Honor. Let's, I don't think they're waived for at least three reasons. I think any is sufficient. Maybe it's really two reasons. First, what case after case says is that what matters is whether you made the same basic claim below. And I would urge the Court to look at the citations in our brief, and I'll provide more citations. The basic claim below was that we, LVNV, complied with federal law and federal law, the federal rules of bankruptcy procedure, set forth the requirements, and that as long as we did, the claim became prima facie valid. Now did counsel below cite Hanna v. Plummer and Erie v. Tompkins? The answer candidly is no. But case, there's no case out there that says you can't get supplemental case law to support a basic legal proposition. And in fact, many of the other cases were cited. Second, that rule is especially applicable, whereas here, the question is one of pure law and not a fact. The facts are not in dispute here. What is in dispute is a pure issue of law. And I said third, but maybe this is just an indeed on the second. What this Court and other courts have repeatedly said is that notion that where it's a pure issue of law, even an entirely new argument can be raised, which we're not doing here, is especially true where the matter is one of importance, not just to the parties, but public importance. This is of critical importance. My client is not paying me to come from New York City on an $8,000 issue. This is seminal to the entire business, and it's seminal to the bankruptcy system. The bankruptcy system deals with, I think we have the statistics in our brief, hundreds of thousands of consumer debtor cases every year. And it is critical for that system to work that we have a streamlined, efficient bankruptcy process with, frankly, something that's unique, a process or a procedure that says the burden of proof shifts during the process and the filing of a proof of claim on an information that the rule requires. That's good enough. That wasn't there first because of a Scribner's error. As the advisory committee notes indicate, as the case law indicates, the drafters wanted a simple system so that bankruptcy judges could handle the tens of thousands of cases they handle and not have to get involved in choice of law and other issues. Counsel, may I just, that brings me to the concern I have about whether or not the Nevada statute relied on by the court was applicable, because it talks about filing a complaint and collecting a judgment. And that's not what is done in bankruptcy court. So I just question whether or not the entirely agree. Let's focus on that statute. Nevada 97A160 begins, and so does 97A165 begins, in an action brought to collect a debt. The filing of a proof of claim is not an action, and it most assuredly is not an action to collect a debt. If it did, collecting a debt, taking an liability, is the, not the personification, it is the prototypical violation of an automatic stay. It can't be that the filing of a proof of claim is that. But then you go to the points that your honor raised. The 97165 says no judgment. Allowing the proof of claim is not a judgment. It says in 97A165 1A, as your honor noted, the complaint must include. A proof of claim is not a complaint. It's a simple form. So I agree that one way to rule is to say the Nevada, rule our way, is to say the Nevada statute doesn't apply by its terms. And you don't then have to get into the question whether there is a conflict between federal law and Nevada law, and which law trumps, because you'd then be saying there's no conflict whatsoever. And I agree that that is one way to rule and a correct way to rule. Perhaps we should have started with that argument and moved to the conflict argument second, but we moved the other way. And I will say, in answer to your question, Judge Fitzwater, you know, the argument was absolutely made before that we complied with state law as an alternative argument to the argument that in any event, complying with there is no question that we provided all the information that federal law, the federal rules of bankruptcy procedure require. And as a result, under the express terms of Bankruptcy Rule 3001, 3001F in particular, the claim became prima facie valid and the burden shifted. Not the burden to stand up and say, I object. Not the burden to say, I'd like more information. The burden to present evidence. The burden shifted to the debtor to present evidence. It presented absolutely none. And as a result, the bankruptcy court was right when it concluded that the claim should be allowed. The bankruptcy appellate panel reached a contrary conclusion, although it too acknowledged completely that we had complied with Bankruptcy Rule 3001 and provided all the information that federal law, the federal rules of bankruptcy procedure require. As every other court to consider the issue has held, that focuses on substance. Is the claim as a matter of substance valid or not? If we were asserting a claim that violated Texas, Nevada, and I'm sure I'm mispronouncing Nevada law, Nevada law. Thank you, Your Honor. You got Texas right. I was looking at you, which is why I said Texas. My apologies. If we violated Nevada law on usury, on unconscionability, on formation of a contract, or for acceptance consideration, yes, that's a defense, but not the procedure. The procedure that is required in federal court is governed by federal law. This court has applied that principle in innumerable contexts, both inside and outside bankruptcy. The Larry's apartment case we cited, in bankruptcy, looked to federal law, Rule 11 on what sanctions law is, not to Arizona law. This court in the Martin case, in devolving must a claim for medical malpractice, a complaint assert whether the plaintiff is willing to arbitrate. No, Rule 8 says you simply file a complaint. That's all you have to do. The same basic rule applies in bankruptcy. We cited numerous cases, but if I had the Leedwood one, it would be in Ray Walston, the 11th Circuit case, which deals with this exact question. It dealt with a Georgia law, not Nevada law, but Georgia law required specific evidence, specific documentation with a complaint, and the court said, and in the argument, a counsel for the debtor said, it's not good enough to comply with federal procedure. You have to comply with Georgia procedure, and the 11th Circuit said, that's not the rule in federal court. It's not what the bankruptcy code says. It's not what the bankruptcy rules say, and I would submit, respectfully, this court can't come out and affirm without creating a circuit split with the 11th Circuit. But that was an unpublished opinion. You're going to say there's a circuit split. Walston's unpublished, correct? It is unpublished. That is certainly right. There wouldn't be a circuit split. Unpublished disposition is not precedential. Fair enough, but there are many cases. It's persuasive, perhaps. It is persuasive, and I would suggest it's correctly decided, but it's a fair point. Let me take on one other argument made by opposing counsel. Opposing counsel makes the point that they wrote to us, as the federal rules allow, and said, provide me a copy of the account agreement, and they say we didn't do that. Two answers. First, we did. We provided the terms and conditions for the agreement. This was an agreement that was obtained. The application was electronic. It was many years ago, and we provided them the terms and conditions, which is the very agreement that's ER 149 to 163. But second, the advisory committee notes for the rule that says that the debtor can ask for a copy of the agreement says the following, and I quote, failure to provide the required information does not itself constitute a ground for disallowance of the claim. And court after court has said the same thing. They've said there is a penalty. There is a penalty. If they ask for a copy of the account agreement, and we truly didn't provide it, and they then go in the court and meet their burden, there's a burden shifting, and they say there was no agreement. The debtor takes the stand and under penalty of perjury says I never opened this account. Then the court could preclude us as a matter of evidence from presenting, oh, you did. Here's your account agreement. Here's your application. That's the sanction. But if they don't present any evidence, that's the whole point of a burden shifting. They can't say the rule says explicitly failure to provide the agreement if we truly fail to provide it does not provide for a ground for disallowance. And that's because the way the rule reads is the filing of a proof of claim. And this is completely different than other procedure. The filing of a proof of claim is itself evidence. It's prima facie valid in its evidence. That's the word used in the rule. So we met our initial evidentiary burden. The burden shifted to the appellee, the debtors, appellees, the debtors, and they did not in fact provide that information. And when it's resolved, it's in a contested matter, not an adversary. Correct. And that's, by the way, one of the other reasons why this is not an action going to Judge Rawlinson's question. This is why it's not an action. The way you commence an action in bankruptcy court with a plaintiff and a defendant is you file a complaint commencing an adversary proceeding. The filing of a proof of claim does not commence an adversary proceeding. It does not commence an action. It simply creates what is called in bankruptcy a contested matter, a streamlined proceeding. I'd like to reserve the rest of my time, but happy to answer any of the questions if any of your honor have any. If there is not, Good morning, your honor. May it please the court. I suppose the... You can state your name for the record. Matt Knepper. I'm appearing for the Myers. Thank you. Let me, Judge Rawlinson, come back to your question about the filing of a complaint relative to the claims process in bankruptcy. And then I'll proceed from there. First, with reference to the plain language of the statute. The statute that we primarily are resting our case on is not the rule 3001. It's 502B1 that says that a claim shall be allowed unless it would not be enforceable under state law. That's the plain language of the statute. Correct. So here's the question. Under state law, that is 97A, how would they enforce their claim but for this process? That is... But that statute doesn't address a claim. It addresses a complaint and an action to collect a judgment. And it tells what must be done in order to file a complaint for debt collection. If in the section that talks about debt collection, a claim is not debt collection. In bankruptcy court, it's not. It simply is not an action to collect a debt. It's a claim to have the debt put in with other debts and administratively assess. They may get something, they may not get something. It's different than actually a one-on-one claim where the creditor is seeking to get an actual judgment against the debtor. So I am not persuaded that this statute supersedes the specified procedure in bankruptcy court. Okay. So the issue though is without that judgment, they would not be able to enforce. That's not true. They could put in a proof of claim in bankruptcy court. They could put in a proof of claim and then the bankruptcy court will determine whether or not that proof of claim is allowed or disallowed. Okay. If they were to file an action in Nevada court, I agree with you. If they had gone to govern whether or not they were able to successfully prosecute that claim, but that's not what we have. It's a different system than the administrative system we have in bankruptcy court. So to me, you're trying to drag into the bankruptcy court, a litigation system that the bankruptcy court does not use. It uses an administrative system unless there's an adversary complaint filed and that wasn't done here. See, my response to that is that there are really two levels of analysis here. The first test is whether the proof of claim is, as you're talking about, on its face is sufficient. This is the issue that arises under 3001. Right. And would you agree that it was prima facie? Yes, absolutely. We've never contested that. They met the requirements by stating the amount of the claim, the amount, you know, what the nature of the debt was, et cetera. These are sort of entries that don't require at least to establish the prima facie validity of the claim. But the rule also provides that we can send a 30-day letter to get the actual writing upon which the claim is based. When we sent that information, I know that we have a disagreement about the effect of 502B1, whether the claim is enforceable under state law, but we still stand by that position. And when they came back in response to that without any evidence that was authenticated sufficient to meet the requirements under what we assert is the applicable state rule, state law. Counsel, let me ask you this. Before the BAP made this ruling, was there any other decision that took this position on the incorporation of state law into the requirement for filing a proof of claim? Is there any other case that has done that? For 97A, no. But I would certainly reason by analogy to, not that we could find, let me be clear. Judge Spraker did issue an unpublished opinion that followed after Myers. But the issue here is that the substantive component of 97A to us is really the other side of the coin from a UCC3 analysis, right? So one of the things that we're not disputing, and frankly, what 3001 recognizes is that if you can state these elements to establish the prima facie validity of your claim, what are you really stating? What you're stating is your UCC3. Maybe you're a holder, maybe you're a non-holder in possession with entitlement to enforce. There are some procedural requirements involved in that. But that is a substantive state law that provides the person who is asserting entitlement to enforce a mechanism by which they can do so. That's one side of it. They're not trying to enforce a judgment. They're trying to file a proof of claim in an is for me, that you're talking in terms of actually filing an action and what's required. And that to me does not translate into the streamlined administrative proceeding that's been set up by Congress for bankruptcy claims. And my response to that is that when we file cases for our clients, we have them review the petition, the list of the creditors to make sure that everything is accurate. It's our obligation, both to the court and to the client. And when we do that, they will let us know. Maybe they do, maybe they don't recognize the debt. We'll have that conversation with them. If we find that their position is credible, we'll dispute that claim as we did in this case. We won't seek to object to any claims that are filed in the case unless the plan, the Chapter 13 plan is 100% plan. Every creditor is going to get paid 100% on their claim. Our position is that if we object, you need to do your job if you want to get paid. They don't have to show up and litigate. They can simply send us the authenticated evidence that we're asking for and it's game over. Well, the difficulty with that position is that's not what the bankruptcy rules require. So that's where I'm having some difficulty with your position. It appears to me that you're trying to incorporate some requirements into the bankruptcy code that Congress didn't put in there. And so that's what takes me back to the plain language of the statute, 502B1 over that of 3001, because we've always argued that the claim is unenforceable under 502. This circuit and others as well have said that 3001 is not a basis for disallowing a claim. It certainly sets up a procedural structure for the claims resolution process. 502B1 is the statute that allows for our differences here. But under 502B1's plain language, if the claim is not enforceable under applicable law, it's not enforceable in bankruptcy court. Don't you have to produce evidence of that though? Well, the way that we read the statute, under 165, that's 97A165, a debt buyer cannot enforce its claim if it cannot establish evidence required under 165. But you're putting the burden on them to, you're making them prove a negative at that point. You haven't put in any evidence at all. You're just saying, give us some information so that we can challenge your claim. And that's not putting in evidence. Well, the provision 165 also says that they can't even obtain default judgment without that evidence. So I'm not sure, my client doesn't even have to show up in court. They can't show up in court and then establish their entitlement to that judgment. But that's your burden to put in evidence once there's a prima facie case made, then it's your burden to put in evidence. And I question whether you meet that burden by asking for additional information from them. And so that takes me back to the idea that we're really talking about two layers of analysis here. Either the rule-based analysis, do we have evidence to attack the prima facie validity of their claim? And 502B1, which is the legal argument that says under applicable state law, they can't even enforce it in state court. Counsel, the concern I have is that under your argument, purely procedural rules that are not followed, purely procedural state rules could prevent a claim from being established. Could it not? No, I think there is a limiting principle that I can articulate for you, Your Honor. I appreciate the question. The procedural rules that would be state law would be the authentication rules. So either we're talking about FRA 901 or we're talking about what 97A reads in by incorporation that's, I believe, under NRS 54, just for the authentication components of the provision. But I go back to the analogy to UCC3 because under UCC3, you have to have the authenticated evidence of the notes and delivery or transfer negotiation, et cetera. They have that. Their affidavit, Custodian of Records, and we never question it, establishes their entitlement to enforce. Are you saying that's a substantive rule? The state statute you're relying upon, are you saying that's a substantive rule? I'm saying it's a substantive rule in that it requires specific documents, as does UCC3, and it requires that those specific documents are authenticated. Where UCC3 is concerned, we're talking about entitlement to enforce. Has the Nevada Supreme Court ever characterized this rule as one of substance as opposed to procedure? 97A, I'm not aware of any decision that distinguishes that, but I don't think I have to look much further past the idea that the Nevada Legislature had passed 97A to accomplish a specific result. The plain language written into it makes it substantive just because it's passed for a particular purpose because that purpose could be procedural as well. Sure, but the procedural safeguards that relate to the underlying documents that are required, under just that structure, we could be talking about negotiable instruments, we could be talking about establishing that the subject of the enforcement, that is the debtor, is in fact liable for that debt. Identity theft, whatever consumer fraud, may result in somebody being liable for a debt that they did not in fact incur or make any payments on. And that's what 97A addresses at the substantive level. Those documents required to establish the liability of the debtor against whom the creditor seeks to enforce their claim. Counsel, I'm sorry to jump in. I just want to make sure I understand the scope of what you're saying. So, if you're right in this case, the Ninth Circuit's a big place. We got a lot of states in the Ninth Circuit. We got Guam, we got the Mariana Islands. So, under your view, for every single one of those jurisdictions, there would be a different set of rules on how to file a claim in bankruptcy court. That's a great question. Yeah, and I just want to make sure that I address it properly. The 502B1 would say, if applicable law, whether we're talking about the territory of Guam or we're talking about the state of California or Nevada, each of those states have a right to legislate on behalf of their consumers in this case. Right, so I think the answer would be yes. There would be a different one for every state. Yes, if the legislature has spoken and enacted something that is obviously a handcrafted provision that they build into the statute that are unique to something going on in that state, perhaps in Montana, we're talking about, you know, relating to, you know, ranch lands. In Nevada, we'd be talking about gaming. There may be something that's unique and handcrafted in that provision. That doesn't mean that we throw the baby out with the bathwater. It just means that there's something unique about enforcing your... Right, but what I mean is that a claimant in Nevada, the paperwork they have to prove up a claim for a federal bankruptcy case would be different than what's in California, under your rule. Under their rule, I think it would be the same. Under your rule, it would be different. Yes, there would be certainly a uniqueness to what's happening in Nevada in that it requires either the handwritten application for the credit agreement or it requires evidence of the charges incurred. So are you aware of anything in the bankruptcy code which would support the idea that we would want to have 11, 12, 13 different procedures in I think the way that Congress wrote 502B1 absolutely suggests that flexibility unless it is unenforceable under applicable law. And that has long been read by the circuit and the Supreme Court to mean that state law supplies the rules for that applicable law where appropriate, in this case 97A. So I think Congress already built that flexibility in. Can you think of any other instances in the federal court system where we would make filing a complaint or a claim to turn on that level of state law granularity? Perhaps, off the top of my head, I've drawn a blank, but not because they're not out there. There are instances where there are options. I mean, Rule 69, you can use state law to enforce judgments. Rule 4, there can be differences in service under state, federal. You can choose one or the other, but they're not mandated that you're using states, as Judge Owens is talking about. In bankruptcy, you have exemptions that can vary by state. Sure. But that's not procedure. That's the point. It's not procedure. It's substantive law. That's the concern I have. Well, what we're talking about is an exemption because the legislature said we want to protect somebody's equity in their home or their car or their clothes or whatever. I still think that we can. It's a more distant analogy than UCC-3, to be sure, but I still think we can read that back over to the law issue here, and that is that the state has also said you're protected from enforcement of a debt against you when you are not, in fact, liable. The presumption is that the side that wants to enforce that debt will be able to present the authenticated evidence required under 160A. All right. Thank you, Counselor. Thank you. Are there any other questions? All right. We'll hear rebuttal. Thank you, Your Honor. I want to pick up where you left off in part on the question Judge Owens asked. Judge Owens, it wouldn't just be 11 or 12. As you pointed out, there's 50 states, and there's about four or five different other jurisdictions. And there also would be choice of law questions. Credit card agreements often have choice of law provisions. So if here the account agreement had provided for New York law to apply, would we then apply New York law, not Nevada law, on a procedural question? And yes, it is procedural. Let me suggest to you what the substantive law is of Nevada, if I'm pronouncing it correctly. 97A150 says as follows, quote, a cardholder is personally liable for all charges incurred on his or her credit card account by A, the cardholder or an authorized user, and B, any other person if the charges result in a beneficial use to the cardholder. That's substance. The substantive law of Nevada is if you incur credit card debt, you pay for it. If you don't incur it, you don't have to pay for it. The procedural law is how do you prove up that there was a card agreement? How do you prove up that there were charges? And if you want to, and I completely agree with you, Judge Rawlinson, if you want to bring an action in state court to collect a debt, then you have to follow the procedural rules in Georgia, not the substantive. On 502B1, court after court has held that what 502B1 means when it says that the claim is, whether the claim is enforceable under applicable law is whether it's enforceable as a matter of substance, not as a matter of procedure. The procedural rules in state court don't apply. For that proposition, in addition to the Wollaston case, let me point to a bankruptcy court decision in this circuit in Ray Lasky 364BR385 Bankruptcy Central District of California 07. That case involved, I believe, a proof of claim on a credit card debt, and it was in California. California Code Civil Procedure 454 provides that a party suing on an account, quote, must deliver to the adverse party within 10 days after the demand thereof is made in writing a copy of the account or be precluded from giving evidence thereof. And the debtor in that case said, I wasn't given that account statement. And here's what the court said. Quote, this procedural requirement will not render a claim unenforceable under 11 USC section 502B1. State law procedural requirements relating to state law enforcement of debts in state court are not incorporated in the proof of claim process in bankruptcy court. State law procedural requirements do not determine whether a claim exists for purposes of non-bankruptcy law. Rather, they determine how claims must be asserted in state court. Congress has established different procedures for claims in bankruptcy court. That is the point I think you made, Judge Wollaston, and it's a controlling point here. Unless your honors have any questions, I will conclude my argument. It appears not. Thank you to both submitted for decision by the court.
judges: RAWLINSON, OWENS, Fitzwater